**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 5:19 CR 71** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **SEIRGIO L. KINDELL,** | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is a *pro se* motion seeking compassionate release under 18 U.S.C. § 3582(c), filed by Defendant Seirgio L. Kindell on June 8, 2020. **Doc #: 22** ("Motion"). On July 8, 2020, the Court issued an order appointing the Federal Public Defender to assist Kindell in seeking compassionate release. On September 16, 2020, Attorney Vanessa Malone filed a Notice of No Supplement Regarding Motion for Compassionate Release. Doc #: 26. The Court has reviewed the motion, the notice of no supplement, and the record. For the following reasons, the Motion is denied.

**I.**

On April 8, 2019, Defendant Seirgio L. Kindell pled guilty to being a Convicted Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). Doc #: 12; Minutes of Proceedings dated 4/8/2019. On August 21, 2019, Kindell was sentenced to 32 months in prison with credit for time served, followed by 3 years of supervised release. Doc ##: 18-20. He currently resides at USP Allenwood with a release date of May 27, 2021.[1]

---

[1] www.bop/gov/inmatelocator (last visited on November 9, 2020).

The statute authorizing compassionate release, 18 U.S.C. § 3582(c)(1), contains an exhaustion requirement. The exhaustion requirement mandates that a criminal defendant first ask the Bureau of Prisons (BOP) to bring a motion for compassionate release on his behalf. 18 U.S.C. § 3582(c)(1). Thereafter, a defendant may file a motion for compassionate release in the district court only after:

> the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . ..

18 U.S.C. § 3582(c)(1)(A). This requirement is a "mandatory claim-processing rule" which must be enforced when properly invoked. *United States v. Alam*, 960 F.3d 831, (6th Cir. Jun. 2, 2020). The rule is properly invoked when the government timely raises it, but courts may enforce the exhaustion requirement *sua sponte*. *See United States v, Gayton-Garza*, 652 F.3d 680, 681 (6th Cir. 2011); *United States v. Jones*, No. 1:16 CR 344, Doc #: 64 at 2 (N.D. Ohio Jun. 9, 2020) (Polster, J.). Kindell states that more than 30 days have elapsed since he submitted a request for compassionate release to the warden, and (as of June 8, 2020) he has not received a response. Doc #: 22 at 1. Although Kindell does not state the date he submitted his request to the warden or provide a copy of that submission, the Court assumes for purposes of this Motion that he has exhausted his administrative remedies.

**II.**

Under 18 U.S.C. § 3852(c)(1)(A)(i), before granting a sentence modification, a court must find: (1) extraordinary and compelling reasons warrant a sentence modification; (2) the defendant is not a danger to the safety of any other person or the community; and (3) the reduction is appropriate considering the 18 U.S.C. § 3553(a) sentencing factors. *United States v.*

-2-

*Hardin*, No. 1:19 CR 240, Doc #: 25 at 4; *United States v. Little*, No. 1:18 CR 308, Doc #: 29 at 2.

Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1.[2] Here, the only relevant category is the fourth category, labeled "other reasons." *Hardin*, No. 1:19 CR 240, Doc #: 25 at 5-6; *Little*, No 1:18 CR 308, Doc #: 29 at 2-3. To determine whether other reasons warrant sentence modification, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *Id*. at 6-7.

Notably missing from the Motion is any explanation why Kindell, who is 32 years old, is at high risk of suffering grave complications should he contract COVID-19 at USP Allenwood. Kindell states only that the extraordinary and compelling reason warranting compassionate release "is simple: the [COVID-19 virus] is rapidly spreading in all parts of the United States, including its prisons." Id. at 1. That's it. Attorney Malone, who has accessed Kindell's medical records, states that Kindell has asthma. She notes, however, that the Centers for Disease Control and Prevention state that persons with moderate to severe asthma *may* be at an increased risk for severe illness from COVID-19. As this Court has previously held, moderate to severe asthma, without more, is not enough. *See, e.g., United States v. Michael Alexander*, Case No. 1:04 CR 529, Doc #: 65 at 4 (N.D. Ohio May 28, 2020) (Polster, J.).

---

[2]Application Note 1 lists three specific categories and examples of extraordinary and compelling reasons along with a fourth catchall provision. Specifically, the notes explain when a defendant's medical condition (subsection A), health and age together (subsection B), or family circumstance (subsection C) qualifies for compassionate release. U.S.S.G. § 1B1.13, App. N.1. Subsection D applies if there exists in a defendant's case, an extraordinary and compelling reason other than, or in combination with, the reasons asserted in (A) through (C).

Additionally, the BOP's COVID-19 website shows that, as of today, only 3 inmates and 1 staff member have currently tested positive for the virus at USP Allenwood.[3] While these numbers are not insignificant, the Court concludes they do not constitute a severe outbreak. Thus, Kindell has failed to show extraordinary and compelling reasons warranting compassionate release.

That said, Kindell's projected release from USP Allenwood is May 27, 2021.  Attorney Malone notes that Kindell would otherwise be eligible for halfway house placement later this year, but for the fact he currently has detainers from the State of Ohio, requiring the BOP to directly release him at the expiration of his sentence to the state parole authority.  Thus, Kindell would not be able to leave "custody" even if he could show extraordinary and compelling reasons justifying his early release due to COVID-19.

Because Kindell has failed to show extraordinary and compelling reasons warranting his release, the Court need not further examine whether he is a danger to the community; or whether a sentence reduction is appropriate considering the § 3553(a) sentencing factors. *Hardin*, No. 1:19 CR 240, Doc #: 25 at 4; *Little*, No. 1:18 CR 308,  Doc #: 29 at 2.

### III.

Based on the foregoing, the Court **DENIES** the motion seeking compassionate release under 18 U.S.C. § 3582(c).  **Doc # 22**.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　 */s/ Dan A. Polster     November 10, 2020*  
**Dan Aaron Polster**  
**United States District Judge**

---

[3]www.bop.gov/coronavirus (last visited on November 9, 2020.)